IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GARY C. GOSHA and KIT M. GOSHA,** | 3:16-CV-00073-BR |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| **THE BANK OF NEW YORK MELLON CORPORATION fka THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-72),** a New York Corporation; **BANK OF AMERICA N.A.,** a Delaware Corporation; **BAYVIEW LOAN SERVICING LLC,** a Florida Corporation; **CLEAR RECON CORP,** a California Corporation, | |
| Defendants. | |

**GARY C. GOSHA**
**KIT M. GOSHA**
175900 S.W. Cheyenne Way
Tualatin, OR 97062
503-522-6571

    Plaintiffs, *Pro Se*

1 - TEMPORARY RESTRAINING ORDER

**TRACY J. FRAZIER**
Aldridge Pite, LLP
621 S.W. Morrison Street
Suite 425
Portland, OR 97204
(831) 247-0676

  Attorneys for Defendant Clear Recon Corp.

**BROWN, Judge.**

  This matter came before the Court on January 22, 2016, on Plaintiffs' Motion (#3) for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 seeking to restrain Defendant Clear Recon Corporation from conducting a foreclosure and sale of Plaintiffs' home scheduled for January 26, 2016. Defendant Clear Recon Corporation received notice of and appeared at the January 22, 2016, hearing.

  For the reasons stated on the record at the hearing the Court concludes it is a very close question as to whether Plaintiffs are likely to succeed on the merits of this action. The Court, however, finds there is a temporary risk of irrevocable harm to Plaintiffs, who are senior citizens and on a fixed income, if they are required to move from their residence on January 26, 2016. Accordingly, the Court **GRANTS** Plaintiffs' Motion and temporarily **RESTRAINS** Clear Recon Corporation from proceeding with the January 26, 2016, foreclosure sale of Plaintiffs' property at 17590 S.W. Cheyenne Way, Tualatin, Oregon.

2 - TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65(c), the Court requires Plaintiffs to post a $1,100 bond with the Clerk of Court **no later than 4:30 p.m. on February 5, 2016**, and on the fifth of every month thereafter as long as this Temporary Restraining Order is in place as a reasonable security for any costs or damages sustained by any party found to have been wrongfully restrained.  Failure to post the bond on or before the fifth of each month as long as this Temporary Restraining Order is in place shall result in the immediate dissolution of this Temporary Restraining Order.

The Court **DIRECTS** Plaintiffs to file **no later than February 19, 2016**, a Status Report with respect to service of all Defendants in this matter including (1) reference to the docket establishing all Defendants have been served and proofs of service have been filed for each Defendant and (2) whether Plaintiffs have had contact with any Defendant or counsel for any Defendant relating to this matter.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#3) for a Temporary Restraining Order and hereby **RESTRAINS** Defendants from proceeding with the January 26, 2016, foreclosure sale of Plaintiffs' property.  The Court **DIRECTS** Plaintiffs to post a $1,100 bond with the Clerk of Court **no later than 4:30 p.m. on February 5, 2016,** and on the fifth of every month thereafter as

3 - TEMPORARY RESTRAINING ORDER

long as this Temporary Restraining Order is in place.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4 - TEMPORARY RESTRAINING ORDER