Gary C. Gosha
Kit M. Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062
gcgosha@gmail.com
503-522-6571
  *Plaintiffs, Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GARY C. GOSHA, an individual, and KIT M. GOSHA, an individual, and together as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-72), Delaware Corporation; BANK OF AMERICA N.A., a Delaware Corporation; BAYVIEW LOAN SERVICING LLC, a Florida Corporation; CLEAR RECON CORP, a California Corporation,<br><br>Defendants. | Civil No. 3:16-CV-0073-BR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO NONPARTY MERSCORP HOLDINGS, INC.'S MOTION TO QUASH SUBPOENA**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiffs submit this Response in opposition to NonParty MERSCORP HOLDINGS, INC'S (MERSCORP) Motion to Quash Subpoena (MTQ) and ask the Court to deny, or modify it, for the reasons set forth herein.

PAGE 1   PLAINTIFF'S RESPONSE IN OPPOSITION TO
        NONPARTY MERSCORP HOLDINGS, INC.'S
        MOTION TO QUASH SUBPOENA

Gary Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062

I.  **INTRODUCTION**

Defendant The Bank of New York Mellon (BONYM), through its agents, filed a non-judicial foreclosure of the Plaintiffs Deed of Trust (DOT) on September 11, 2015. In response, the Plaintiffs commenced this litigation to stop the sale of their property and hold BONYM, and the other Defendants, liable for a number of nefarious acts related to it. The details of this case are set forth in Plaintiff's Second Amended Complaint (SAC) (Dkt. #70).

MERSCORP surfaced in this litigation because its MERS subsidiary is a named party to the DOT and MERSCORP possesses certain information related to MERS that is both relevant and material to the Plaintiffs case. The Plaintiffs issued a subpoena to MERS and MERSCORP on August 22, 2016. The Subpoena and Proof of Service are attached as **Exhibit A**. The Subpoena asks for nine documents. Plaintiffs have since withdrawn eight of the requests because ongoing investigations have eliminated any further need for the information sought, or the information was obtained from other sources. The only request that remains is for the MERS Milestone Report. Request One.

Plaintiffs seek the MERS Milestone Report (MMR) related to their loan because Wall Street and the mortgage industry accept MERSCORP as one of the best sources of evidence as to the legal identify of the Original Lender named in the DOT, its successors in interest and assigns, and the party with rights to foreclose. Defendant BANA and MERSCORP seek to suppress this evidence. BANA's attorneys also represent MERSCORP in this matter.

MERSCORP takes the legal position that *"A MERS® System member can access the MMR for any loan that they currently service or own. Access to the MMR ceases once a MERS® System member is no longer the current servicer, owner, or ceases being a MERS® System*

*member"* (Dkt.114 pg 8 sec vi).

MERSCORP' legal position is that none of the Defendants in this case currently own or service the Plaintiffs loan. Based on this tacit admission, the Plaintiffs ask the court to find in the Plaintiff's favor on their declaratory judgment actions. None of the Defendants have the ability to foreclose.

## II.   KEY FACTS

### A. MERS and MERSCORP

MERS surfaced in this litigation because it is a named party in the Plaintiff's DOT which BONYM, and its agents, are foreclosing. MERS is identified in the DOT as its grantee and beneficiary.

MERS is acting as nominee (or agent) for the owner of the promissory Note (the Lender). The Lender must be a MERS member to appoint MERS as its nominee **(Exhibit B)**. MERS is the Mortgagee of record for the original Lender in the public land records.

MERSCORP Holdings (MERSCORP) surfaced in this litigation because it is the parent company of MERS. As the parent of MERS, it is ultimately responsible for the actions, or inactions, of MERS. MERSCORP owns and operates the MERS System.

The MERS System is a national electronic registry that tracks the changes in servicing rights and beneficial ownership interests in mortgage loans that are registered on the System **(Exhibit C).**

The Plaintiff's loan is registered in the MERS System. MERSCORP claims that the use of its System "eliminates breaks in the chain of title" and it provides a diagram of how the MERS Systems works to accomplish that task. **(Exhibit D)**.

PAGE 3   **PLAINTIFF'S RESPONSE IN OPPOSITION TO NONPARTY MERSCORP HOLDINGS, INC.'S MOTION TO QUASH SUBPOENA**

Gary Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062

**B. The MERS Milestone Report (MMR).**

The MERS System tracked transfers of beneficial ownership in the Plaintiff's loan from "some date" to "some date".

The MMR is a MERS System report that lists the dates of these milestones, and others. MERS refuses to produce this document.

Plaintiffs originally requested the MMR from Defendant's BANA and BONY in discovery requests sent to them in May 2015 **(Exhibit E)**.

BANA replied *that "BANA did request the MERS Milestones Report from MERS and it declined to provide the Report."* (Exhibit E pg 3)

BONYM replied *that "BONY and Bayview requested the MERS Milestones Report from MERS and it declined to provide the Report."* (Exhibit E pg 2)

MERSCORP stated in its MTQ that *"Milestones have no relevancy as to who holds the Note or who has the authority to foreclose"* (Dkt. 114 pg 5 sec i).

MERSCORP publicly states, however, that the use of its system *"eliminates breaks in the chain of title"* when MERS is the nominee (or agent) for the owner of the promissory Note (the Lender).  **(Exhibit D)**

The MERS System is the primary tracking authority for transfers of beneficial ownership in loan assets for the CWALT 2005072 Trust **(Exhibit F)**.

/ / /

/ / /

/ / /

/ / /

### III.    LEGAL STANDARD

Two basic legal standards apply to the MERS subpoena.

First, FRCP 26 sets forth the general scope of discovery in civil suits. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.,* 173 F.3d 188, 191 (3d Cir.1999). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 238 (E.D.Pa.,2014)

Second, FRCP 45 provides corresponding protections for nonparties subject to subpoena. After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena. An objection must be served to the subpoenaing party within fourteen days after the subpoena is served, but it need not be filed with the court.[2] Fed. R. Civ P. 45(d)(2)(B). After providing notice to the subpoenaed nonparty, the subpoenaing party may move the court to compel compliance with the subpoena. *Id.* 45(d)(2)(B)(i). In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 238 (E.D.Pa.,2014)

"The serve-and-volley of the federal discovery rules govern the resolution of" a motion to quash. *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 164 F.R.D. 623, 625 (E.D.Pa.1996). The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1). *Id.* at 625–26. Next, the burden shifts

to the subpoenaed nonparty who must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B). *Id.* at 626. If the subpoenaed nonparty claims the protections under Rule 45(d)(3)(B) or asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a "clearly defined and serious injury." *City of St. Petersburg v. Total Containment, Inc.,* Case No. 06–cv–20953, 2008 WL 1995298, at *2 (E.D.Pa. May 5, 2008) (undue burden under Rule 45(d)(3)(A)); *In re Mushroom Direct Purchaser Antitrust Litig.,* Case No. 06–cv–0620, 2012 WL 298480, at *5 (E.D.Pa. Jan. 31, 2012) (disclosure of trade secrets under Rule 45(d)(3)(b)(i)). "This burden is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order." *Frank Brunckhorst Co. v. Ihm,* Case No. 12–cv–0217, 2012 WL 5250399, at *4 (E.D.Pa. Oct. 23, 2012). In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 239 (E.D.Pa.,2014)

## C. Balancing Test

This balancing test requires a Court to weigh (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty. *Mannington Mills, Inc. v. Armstrong World Indus., Inc.* 206 F.R.D. 525, 529 (D.Del.2002) ("[E]ven if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit."). A court should be "particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty." <u>Fears v. Wilhelmina Model Agency, Inc.,</u> Case No. 02–cv–4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).

IV. **ARGUMENT**

Plaintiffs have reviewed FRE 401, FRCP 45, and FRCP 26, and the December 2015 amendments to Rule 26, and they believe that they have complied in all respects.

**A. Plaintiff's Subpoena is Not Technically Defective**

MERSCORP first moves to quash Plaintiffs subpoena claiming it is technically defective because the Plaintiffs failed to have the Court Clerk sign and issue it. MERSCORP points the Court to the subpoena cover page where Plaintiff Gary Gosha signed his name in the signature block designated for an attorney. Mr. Gosha is not an attorney. He is a pro se litigant and signed the subpoena in that capacity. MERSCORP asserts that a pro se litigant may not sign a subpoena in federal court because FRCP 45 states that only a Court Clerk or an Attorney may sign a subpoena. MERSCORP then cites the following case:

> "A pro se litigant who is not a licensed attorney with the appropriate federal district court has no power to issue subpoenas. Accordingly, the subpoenas completed by [the pro se plaintiff] were invalid." United States v. Meredith, 182 F.3d 934 (10th Cir. 1999)

The Plaintiffs respond that the subpoena issued is not technically defective in a manner that would constitute the quashing of if as demanded by MERSCORP. Plaintiff's consulted the Court's 2013 Guide for Self-Represented Parties, FRCP 45, and Local Rule 45 prior to issuing the MERSCORP subpoena. The Court's guide for Self-Represented Parties instructs pro se litigants to file a motion with the Court asking for a subpoena and stating the reasons why it should be issued **(Exhibit G)**. Since the Plaintiffs had already asked the Court for permission to subpoena MERS, and were instructed that they did not need the Court's permission to do so **(Exhibit H)**, the Plaintiffs believed they had satisfied the "permissions" requirement for a pro se subpoena as required by the Court's Guide for Self-Represented parties. In an abundance of

PAGE 7   PLAINTIFF'S RESPONSE IN OPPOSITION TO
NONPARTY MERSCORP HOLDINGS, INC.'S
MOTION TO QUASH SUBPOENA

Gary Gosha
17590 SW Cheyenne Way
Tualatin, OR 97062

caution, however, the Plaintiffs personally checked with the Clerk of the Court on August 15, 2016 (while making a PI bond payment) and asked if the Court needed to sign and issue the subpoena because the Plaintiffs were appearing pro se.  The Clerk responded that the Court does not issue subpoenas nor will it sign them.  This policy is consistent with the Court's earlier directive that Plaintiffs did not need the Court's permission to subpoena MERSCORP and declined to grant it.  There were two clerks at the counter when the Plaintiffs ask about the signature requirements on the subpoena cover sheet.  Both Clerks agreed that as long as we were proceeding pro se it was proper to sign our names in the "attorney signature" block on the cover page.  The Plaintiffs then signed the subpoena on page one as shown in Exhibit A and served it upon MERS and MERSCORP on August 22, 2016.

Plaintiffs move the Court to modify the subpoena reflecting the one remaining request and either compel MERSCORP to answer it, or in the alternative, have the Plaintiffs create a new limited subpoena and have Clerk of the Court sign and place it on the record.   The Plaintiffs will then serve the appropriate party.

**B.  MERS Milestone Report (MMR)**

As previously stated, Wall Street and the mortgage industry trust MERSCORP as one of the best sources of evidence as to the legal identify of the Original Lender named in the DOT, its successors in interest and assigns, and the party with rights to foreclose a loan.  The MMR is a simple one-page report.  There is no undue burden here at all.  It can literally be produced with a mouse click.

The MERS System tracked the Plaintiffs loan for many years and recorded many milestones (servicing and transfer of beneficial ownership events) related to it.  The MMR is a

record of those milestones and can confirm the following:

1. Who registered the loan with MERS, and when;
2. Who serviced the loan, and when;
3. Who had beneficial ownership of loan, and when, and;
4. Which MERS members had access to the loan's data & reports, and when.

The MMR is therefore relevant because it is both probative and material in determining the legal identify of the Original Lender named in the DOT, its successors in interest and assigns, and the party with rights to foreclose a loan.  As the court is aware, FRCP 26 grants litigants "wide access to relevant facts." *Shoen*, 5 F.3d at 1292.

MERSCORP moves to quash the MMR because the *"Milestones have no relevancy as to who holds the Note or who has the authority to conduct foreclosure proceedings"* (Dkt. 114 pg 5 sec i).  This is an absurd statement on its face.  The very purpose of the MERS System and the MMR is to track this type of information.  MERSCORP also states that *"A MERS® System member can access the MMR for any loan that they currently service or own. Access to the MMR ceases once a MERS® System member is no longer the current servicer, owner, or ceases being a MERS® System member"* (Dkt. 114 pg 8 sec vi.).  Both BANA and BONYM have taken the position that they asked MERSCORP for the MMR and it declined to produce it **(Exhibit E)**.  MERSCORP took this position to avoid having to produce the document.

These statements are tacit admissions by MERSCORP that BONYM does not currently own the Plaintiffs loan.  These admissions are troubling because the CWALT 2005-72 PSA controlling BONYM's legal authority to foreclose a loan on its behalf, specifically requires that its MOM (MERS Originated Mortgage) loan assets are to be assigned to the Trustee (BONYM)

and recorded in the MERS System. MERSCORP'S admission that its milestones are not relevant as to who owns the loan clearly supports the Plaintiffs claims that BONYM has no standing to foreclose and its actions are deceptive as prescribed under ORS 646.608. Oregon courts liberally allow broad testimony into evidence to establish fraud claims. *Columbia River Door Co. v. Priest*, 128 Or. 359, 362, 274 P. 116 (1929). This includes the use of circumstantial evidence that is clear and satisfactory in nature. *Conzelmann v. Northwest Poultry & Dairy Products Co.*, 190 Or. 332, 350-51, 225 P.2d 757 (1950).

## V.    CONCLUSION

MERSCORP appears to be facilitating the Defendant's foreclosure in this case by suppressing documents that would support the Plaintiff's allegations that the foreclosure is unlawful. It is clear that BANA has stepped in front of MERSCORP and is protecting it from the Plaintiff's inquiries. Why else would they have the same counsel?

MERSCORP refuses to produce the MERS Milestone Report and represents to the Court that it will not produce the Report because none of the Defendants are current owners of the loan.

Accordingly, Plaintiffs ask the court to find in the Plaintiff's favor on their declaratory judgment actions. None of the Defendants have the ability to foreclose.

Date: September 26, 2016

/s/ Gary Gosha
Gary C. Gosha, Kit M. Gosha
17590 SW Cheyenne Way,
Tualatin, OR 97062,
gcgosha@gmail.com,
503-522-6571
*Plaintiffs, Pro Se*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on September 26, 2016, the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO NONPARTY MERSCORP HOLDINGS, INC.'S MOTION TO QUASH SUBPOENA** was served via the CM/ECF System of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON.

| | |
|---|---|
| James P. Laurick OSB 821530<br>Kilmer, Voorhees & Laurick, P.C.<br>732 NW 19th Avenue<br>Portland, Oregon 97209<br>Telephone: (503) 224-0055<br>Fax: (503) 222-5290<br>Email: jlaurick@kilmerlaw.com<br>*Attorneys for Bank of America.*<br>*Attorneys for MERS and MERSCORP.* | ☐ Via Delivery by Messenger<br>☐ Via First Class Mail<br>**X Via Court Electronic Service** |
| Danielle Crockford, Attorney<br>McGuireWoods LLP<br>201 North Tryon Street<br>Suite 3000<br>Charlotte, NC 28202-2146<br>T: +1 704.343.2370<br>M: +1 704.221.8269<br>F: +1 704.444.8827<br>dcrockford@mcguirewoods.com<br>www.mcguirewoods.com<br>*Attorneys for Bank of America.*<br>*Attorneys for MERS and MERSCORP.* | **X Via Email**<br>☐ Via Delivery by Messenger<br>☐ Via First Class Mail<br>☐ Via Court Electronic Service |
| Peter J. Salmon<br>Aldridge Pite LLP<br>4375 Jutland Drive, Suite 200<br>San Diego, CA  92117<br>Email:  psalmon@aldridgepite.com<br>*Of Attorneys for Defendants Bayview Loan Servicing LLC and Clear Recon Corp.* | ☐ Via Delivery by Messenger<br>☐ Via First Class Mail<br>**X Via Court Electronic Service** |

Dated:  September 26, 2016.

                                                  /s/ Gary Gosha
                                                  Gary C. Gosha, Kit M. Gosha
                                                  17590 SW Cheyenne Way
                                                  Tualatin, OR 97062
                                                  gcgosha@gmail.com, 503-522-6571
                                                  *Plaintiffs, Pro Se*

PAGE 1        **CERTIFICATE OF SERVICE**        Gary Gosha
                                                                               17590 SW Cheyenne Way
                                                                               Tualatin, OR 97062