IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY C. GOSHA and KIT M.
GOSHA,

   Plaintiffs,

v.

THE BANK OF NEW YORK MELLON
CORPORATION fka THE BANK OF
NEW YORK, AS TRUSTEE (CWALT
2005-72), Delaware
Corporation; BANK OF AMERICA
N.A., a Delaware Corporation;
BAYVIEW LOAN SERVICING LLC, a
Florida Corporation; CLEAR
RECON CORP, a California
Corporation,

   Defendants.

3:16-CV-00073-BR

OPINION AND ORDER

GARY C. GOSHA
KIT M. GOSHA
175900 S.W. Cheyenne Way
Tualatin, OR 97062
503-522-6571

   Plaintiffs, *Pro Se*

1 - OPINION AND ORDER

**PETER J. SALMON**
Aldridge Pite, LLP
4375 Jutland Dr.
Suite 200
San Diego, CA 92117
(858) 750-7600

   Attorneys for Defendants Bank of New York Mellon Corp.,
   Bayview Loan Servicing LLC, and Clear Recon Corp.

**JAMES P. LAURICK**
Kilmer Voorhees & Laurick, PC
732 N.W. 19th Ave.
Portland, OR 97209
(503-224-0055

   Attorneys for Defendant Bank of America

**BROWN, Judge.**

   This matter comes before the Court on (1) the Motion (#75) to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and First and Second Requests for Judicial Notice (#76, #96) filed by Defendant Bank of America N.A. (BANA) and (2) the Motion (#79) to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Bank of New York Mellon Corp. (BONYM), Bayview Loan Servicing LLC, and Clear Recon Corp. (CRC).

   For the reasons that follow, the Court **GRANTS** Defendants' Motions to Dismiss, **GRANTS** BANA's First Request for Judicial Notice, and **DENIES** BANA's Second Request for Judicial Notice.

**BACKGROUND**

2 - OPINION AND ORDER

For purposes of Defendants' Motions only, the following facts are taken from Plaintiffs' Second Amended Complaint and are undisputed unless otherwise noted.

On October 24, 2005, Plaintiffs obtained a loan from America's Wholesale Lender (AWL) in the amount of $320,000 to refinance their home in Tualatin, Oregon. Plaintiffs signed an Adjustable Rate Note for the loan, which identified AWL as the lender. Plaintiffs secured the Note by signing a Deed of Trust the same day. The Deed identified Plaintiffs as the "Borrower," AWL as the "Lender" and "a corporation organized and existing under the laws of New York," Ticor Title as the "Trustee," and Mortgage Electronic Registration Systems, Inc. (MERS) as the "beneficiary" and "nominee for Lender and Lender's successors and assigns."

In December 2005 Plaintiffs received notice that the servicing of their loan would be handled by Countrywide Home Loans, Inc. Sometime thereafter BANA assumed the servicing of Plaintiffs' loan.

From December 2005 through August 2011 Plaintiffs made payments to Countrywide or BANA. Plaintiffs allege they became increasingly concerned with their rising monthly payments and wanted to "refinance or modify the loan to a fixed amount." In August 2011 Plaintiffs sought assistance from BANA for this purpose.

In September 2011 Plaintiffs stopped making payments on the loan.  In October 2011 BANA sent Plaintiffs a "Notice of Intent to Accelerate and Foreclose" their loan.

In November 2011 Plaintiffs filed for Chapter 7 bankruptcy.

In December 2011 and January 2012 Plaintiffs "wanted to reaffirm" their loan and again sought help from BANA.

On February 10, 2012, MERS, as nominee for AWL, assigned all of the beneficial interest in the Deed to BONYM.  On February 28, 2012, the Assignment was recorded.

In March 2012 Plaintiffs were discharged in bankruptcy.

In a letter dated April 24, 2013, Plaintiffs were notified the servicing of their loan would be transferred from BANA to Bayview effective May 16, 2013.

On January 30, 2015, Bayview sent Plaintiffs a notice of intent to foreclose the loan.  The notice stated the foreclosure would be conducted in the name of BONYM.

In March 2015 Bayview asked Plaintiffs to participate in the Oregon Foreclosure Avoidance Program (OFAP).

In June 2015 Plaintiffs and Bayview, as the agent of BONYM, participated in a resolution conference with the OFAP mediator. The parties did not reach an agreement for a foreclosure-avoidance measure.  The mediator issued a Certificate of Compliance over Plaintiffs' objection.

On April 23, 2015, Bayview prepared and executed an

4 - OPINION AND ORDER

"Assignment of Deed of Trust" assigning the Deed from "Countrywide Home Loans, Inc, dba America's Wholesale Lender, (Assignor)" to BONYM.  The Assignment was recorded on May 1, 2015.

On August 31, 2015, BONYM, acting through Bayview as the loan servicer, executed an "Appointment of Successor Trustee" appointing CRC as trustee in the place of Ticor Title.   The Appointment was recorded on September 11, 2015.

On September 9, 2015, CRC issued a "Notice of Default and Election to Sell" for Plaintiffs' property.  The Notice was recorded on September 11, 2015, and Plaintiffs were served with the Notice on September 15, 2015.

On September 16, 2015, Plaintiffs sent a letter to CRC disputing the Notice of Default and requested copies of loan-related documents.

On November 10, 2015, Plaintiffs sent a "Notice of Rescission of Loan" to Bayview.

On January 6, 2016, Bayview responded to Plaintiffs' Notice and advised Plaintiffs that the period to rescind the October 2005 loan had expired.

On January 15, 2016, Plaintiffs filed their Complaint in this Court.  On May 23, 2016, Plaintiffs filed a Second Amended Complaint in which they:  (1) request a declaratory judgment against all Defendants; (2) allege Defendants BONYM and Bayview

violated the Oregon Unlawful Trade Practices Act (OUTPA), Oregon
Revised Statutes, Chapter 646; (3) allege all Defendants violated
the Racketeer Influenced and Corrupt Organizations Act (RICO), 18
U.S.C. §§ 1961, *et seq.*; (4) allege all Defendants violated
Oregon Racketeer Influenced and Corrupt Organizations Act
(ORICO), Oregon Revised Statutes, §§ 166.175 to 166.735;
(5) allege Defendants BANA and BONYM violated the Consumer Credit
Protection Act (CCPA), 15 U.S.C. §§ 1601, *et seq.*; and (6) allege
promissory estoppel applies against BANA.

On June 6, 2016, Defendants filed their Motions to Dismiss
all of Plaintiffs' claims for failure to state a claim.  BANA
also seeks judicial notice of certain documents tendered in
support of its Motion.  Plaintiffs filed their Responses to the
Motions to Dismiss on June 30, 2016, and Defendants filed their
respective Replies on July 20, 2016.  Following requests by
Plaintiffs to supplement the record and the resolution of
discovery issues, the Court took this matter under advisement on
October 10, 2016.


## STANDARDS

To survive a motion to dismiss a complaint must contain
sufficient factual matter, accepted as true, to "state a claim
for relief that is plausible on its face." *Bell Atlantic v.
Twombly*, 550 U.S. 544, 545 (2007).  A claim has facial

6 - OPINION AND ORDER

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 546). When a complaint is based on facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Federal Rule of Civil Procedure 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id.* (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699,706 (9th Cir. 1998), *superseded on other grounds as stated in Abrego v. Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).


**DISCUSSION**

At the heart of this matter is Plaintiffs' assertion that AWL, the original lender named on the Deed and Note, is not a legal entity and was not authorized to do business in the State of Oregon at the time of Plaintiffs' loan.  Based on that assertion, Plaintiffs contend the Deed and Note are void and unenforceable, that Defendants are precluded from pursuing any foreclosure action against Plaintiffs, that Plaintiffs are entitled to possession of their property free and clear of any liens asserted by Defendants, and that Plaintiffs are entitled to the return of all loan payments made by them.

I.    **BANA's Requests for Judicial Notice**

BANA asks the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of documents regarding the status of AWL submitted in support of its Motion to Dismiss.

Plaintiffs, in turn, contend the Court should not take judicial notice of these documents because they do not meet the requirements of Rule 201, the documents are irrelevant and inadmissable, and notice of these documents violate the parole evidence rule for contract interpretation.

A.    **Standards**

The court may take judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources who accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  On a motion to dismiss the court may also take

judicial notice of public records outside of the pleadings. *Dreiling v. American Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)(citing *MGIC Idem. Corp. V. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Pursuant to the "doctrine of incorporation," a court may also consider as evidence on a motion to dismiss those "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994). The Ninth Circuit in *Knievel v. ESPN* extended this principle to situations in which "the plaintiff's claim depends on the contents of a document, the defendant attaches the documents to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." 393 F.3d 1068, 1076 (9th Cir. 2005).

## B. __First Request for Judicial Notice (#76).__

BANA requests the Court to take judicial notice of "Business Entity Data" for AWL and Countrywide from the Oregon Secretary of State Corporation Division database. According to BANA, these records show AWL was the assumed business name for Countrywide, and Countrywide was registered to do business in Oregon at the time the Deed and Note for Plaintiffs' loan were executed.

10 - OPINION AND ORDER

The Business Entity Data from the Oregon Secretary of State regarding AWL and Countrywide are public records that can be readily determined as accurate.

On this record, therefore, the Court grants BANA's Request (#76) and takes judicial notice of these documents.

### C.  **Second Request for Judicial Notice (#96).**

BANA requests the Court to take judicial notice of the "Loan Application Disclosure Acknowledgment" signed by Plaintiffs on October 25, 2005; a letter from Plaintiffs dated June 22, 2012; and the California state appellate court opinion in *Vildosola v. Countrywide Home Loans, Inc.*, No. D066094, 2015 WL 5258687 (Cal. Ct. App., Sept. 10, 2015).

BANA contends the Disclosure Acknowledgment and letter refute Plaintiffs' assertion that they did not know Countrywide was the lender on their loan.

In any event, the Loan Application Disclosure Acknowledgment and Plaintiffs' letter dated June 22, 2012, are not public records, are not referenced in Plaintiffs' Second Amended Complaint, and are not "undisputed" as to their authenticity.  In addition, Plaintiffs' claims do not "depend" on those documents.

The *Vildosola* opinion, however, is a public record, and the Court considers it to the same extent that the Court considers any other legal authority cited by a party.

11 - OPINION AND ORDER

On this record the Court denies BANA's Request (#96) as to these documents.

## II.  **Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint**

Defendants contend Plaintiffs fail to state a claim in their Second Amended Complaint, and therefore, the Court should dismiss Plaintiffs' Second Amended Complaint as a matter of law.

### A.  **AWL's Status as a Legal Entity**

As noted, at the heart of Plaintiffs' claims are their assertions that AWL did not exist as a legal entity when the Deed and Note were executed and that AWL was not registered to do business in Oregon at the time of the loan.  Thus, Plaintiffs contend the Deed and all subsequent assignments are void and unenforceable.

To support their position, Plaintiffs attach to their Second Amended Complaint a name search from the New York State Division of Corporations showing an entity named "America's Wholesale Lender, Inc." was registered in New York on December 16, 2008, which was three years after the execution of Plaintiffs' loan in 2005.  Moreover, neither the Deed nor the Note indicates Plaintiffs intended "America's Wholesale Lender, Inc." to be the lender rather than "America's Wholesale Lender" (referred to as AWL herein) when they signed the Deed and Note in 2005.

Defendants, as noted, have shown AWL was the registered

assumed business name of Countrywide Home Loans, Inc., and the
Deed and Note signed by Plaintiffs unambiguously identify the
lender as AWL.

      The Court has taken judicial notice of business records
from the Oregon Secretary of State submitted by BANA that show
AWL was the registered assumed business name for Countrywide at
the time of Plaintiffs' loan in October 2005, and Countrywide, a
New York corporation, was registered in 2005 to do business in
Oregon.  Based on these documents, the Court concludes the
identity of AWL in the Deed and Note is not ambiguous, that AWL
was the assumed business name for Countrywide at the time, that
AWL was a legal entity at the time of this transaction, and that
AWL was authorized to do business in Oregon because it was the
assumed business name for Countrywide.

   **B.**   **Plaintiffs' First Claim for Declaratory Judgment.**

      In their First Claim for Declaratory Judgment as to all
Defendants, Plaintiffs seek a judicial determination that the
Deed with AWL is void, that all of the subsequent assignments of
the Deed are void, that BONYM and Bayview do not have the
authority to foreclose on Plaintiffs' property, and that
Plaintiffs are entitled to possession of the property free and
clear of any liens.

      Plaintiffs' request for a declaratory judgment is, as
noted, premised on Plaintiffs' contention that the Deed in

13 - OPINION AND ORDER

question is void because AWL was not a legal entity at the time
and was not authorized to do business in Oregon.  Plaintiffs,
therefore, assert the subsequent assignments of the Deed by MERS
to BONYM in February 2012 and by Countrywide to BONYM in 2015 are
invalid, and, thus, BONYM and Bayview do not have any authority
to foreclose on the loan.  Plaintiffs also contend any Note held
by BONYM was forged because Plaintiffs have received copies of
the Note that reflect it was not properly endorsed to BONYM.
Plaintiffs also contend any assignments of the Deed are invalid
because the Deed and Note themselves are both invalid.

     Defendants contend Plaintiffs fail to state a claim for
declaratory relief because the Deed and Note are not invalid.
Defendants argue BONYM's status as beneficiary derives from its
status as the note-holder and even if the assignment from MERS to
BONYM was ineffective, the subsequent recorded assignment from
Countrywide to BONYM was valid.  Defendants also argue the
forgery issue regarding the Note is a "red herring."  Defendants
further contend Plaintiffs do not have standing to challenge the
assignments of the Deed.

### 1.  Declaratory Judgment

     The Declaratory Judgment Act provides:  "In a case of
actual controversy within its jurisdiction . . . any court of the
United States . . . may declare the rights and other legal
relations of any interested party seeking such declaration,

14 - OPINION AND ORDER

whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The phrase "a case of actual controversy" refers to the types of "cases" and "controversies" justiciable under Article III of the United States Constitution.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).   The Declaratory Judgment Act does not create a stand-alone cause of action.  *See Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 15 (1983)("'[T]he operation of the Declaratory Judgment Act is procedural only.'")(quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)). *See also Graham v. U.S. Bank, Nat'l Assn.*, No. 3:15-cv-0990-AC, 2015 WL 10322087, at *13 (D. Or. Dec. 2, 2015)("The Declaratory Judgment Act . . . does not create a cause of action; instead, it creates a remedy for existing causes of action.").

In *MedImmune* the Supreme Court summarized the difference "between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not" as follows:  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  549 U.S. at 127.  The Court also described a dispute that satisfies the case-or-controversy requirement as one that is "definite and concrete,

15 - OPINION AND ORDER

touching the legal relations of parties having adverse legal interests" to the degree that the dispute is "'real and substantial'" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (quotation omitted).

**2.   <u>Analysis</u>**

The Oregon Supreme Court in *Brandrup v. ReconTrust Co., N.A.* held for purposes of the Oregon Trust Deed Act, "the 'beneficiary' is the lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest." 353 Or. 668, 689 (2013).  The court held "an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is the lender's successor in interest." *Id*.  The Oregon Supreme Court in *Niday v. GMAC Mortgage, LLC*, held, however, even though MERS cannot act as a beneficiary in its own right, it may establish that it was the beneficiary's agent and able to act in that capacity.  353 Or. 648, 658 (2013).

In *Christie v. Bank of New York Mellon, N.A.,* the plaintiff alleged the "unauthorized and inauthentic" assignments of her loan rendered the Note and Deed of Trust void and precluded the defendants from collecting the debt.  The Ninth Circuit concluded the district court properly dismissed the plaintiff's claim for declaratory relief and held the plaintiff

16 – OPINION AND ORDER

did not have standing to challenge irregularities in the assignment of her Note or Deed of Trust because those instruments are negotiable and her obligations thereunder remained unchanged even if her creditor changed.  617 F. App'x. 680, 681 (9th Cir. 2015).  The court also concluded the plaintiff did not "have standing to challenge the late assignment of her loan to the CWALT Trust under New York law since [plaintiff] is not an intended beneficiary of the CWALT Trust.  *Id.* at 682.

Here this Court has concluded AWL was a legal entity at the time of the loan, and, therefore, the Deed executed between AWL and Plaintiffs is not invalid as Plaintiffs allege.  Although it could be argued that MERS did not have the authority to assign the Deed in 2012, the subsequent assignment by Countrywide to BONYM in 2015 was properly recorded prior to any foreclosure action by BONYM or Bayview.  The Court also notes Plaintiffs lack standing to challenge the assignments of the Deed because they were not the intended beneficiaries of the assignment.

On this record the Court concludes, therefore, that Plaintiffs have failed to state a claim for declaratory relief that is plausible on its face, and, accordingly, the Court grants Defendants' Motions to Dismiss Plaintiffs' First Claim.

**C.    Plaintiffs' Second Claim for Violation of Oregon's Unlawful Trade Practices Act (OUTPA).**

Plaintiffs bring their Second Claim for violation of OUTPA against Defendants BONYM and Bayview only.  Plaintiffs

17 - OPINION AND ORDER

allege BONYM and Bayview violated § 646.607 and § 646.608 by omitting material facts and making false representations in their January 30, 2015, Intent to Foreclose letter; omitting material facts, making false statements, and failing to produce or producing incomplete or false documents in the OFAP process; seeking to enforce the Note and Deed knowing they were void; seeking to enforce the April 2015 Assignment of Trust Deed knowing it was forged; recording a Substitution of Trustee and Notice of Default and Sale when BONYM, Bayview, and CRC[1] were not legally entitled to do so; and engaging in allegedly criminal misconduct.

BONYM and Bayview contend there is not a private right of action under § 646.607 and that Plaintiffs fail to allege facts sufficient to constitute a claim under § 646.608.

### 1.  **Section 646.607**

Section 646.607(1) provides a person engages in an unlawful trade practice if the person "employs any unconscionable tactic in connection with selling, renting or disposing of real estate, goods or services, or collecting or enforcing an obligation."  Oregon Revised Statute § 86.741(3) provides violation of the provisions of the OFAP process, Oregon Revised

---

[1] Although Plaintiffs allege the appointment of CRC as successor trustee was improper and invalid, they do not set out facts that specifically support the allegation that CRC violated OUTPA.

Statutes, § 86.726, *et seq.*, constitutes unlawful practices under
§ 646.607.

The Oregon state appellate court has held claims under
Oregon Revised Statute § 646.607 may be prosecuted only by the
State of Oregon, and Oregon law "does not create a private right
of action for violations of ORS 646.607." *Norton v. Nelson,* 2525
Or. App. 611, 619-20 (2012).

The Court concludes, accordingly, that Plaintiffs'
claim against BONYM and Bayview for violations of § 646.607,
including alleged violations of the OFAP process, fails to state
a claim.

### 2.  <u>Section 646.608</u>

Section 646.608 specifies unlawful trade practices
other than those set out in § 646.607 and includes the following
conduct alleged in Plaintiffs' Second Amended Complaint:  the use
of "deceptive representations in connection with real estate,
goods or services" (¶(1)(d)); making "false or misleading
representations concerning credit availability or the nature of
the transaction or obligation incurred" (¶(1)(k)); and "any other
unfair or deceptive conduct in trade or commerce" (¶(1)(u)).

In their Second Claim Plaintiffs' allegations again are
based on their contention that AWL was not a legal entity at the
time; that the Deed and Note, therefore, are void; and, as a
result, that subsequent foreclosure documents are invalid.

Moreover, Plaintiffs contend Bayview omitted material facts or made false statements in its January 30, 2015, Notice of Intent to Foreclose by failing to name the lender and noteholder specifically.

As noted, the Court has concluded Plaintiffs' allegations fail to establish that AWL is not a legal entity or that the Deed and Note at issue are invalid. Thus, to the extent that Plaintiffs' allegations are premised on the theory that AWL was not a legal entity at the time of the loan and that all subsequent transactions were invalid, such allegations do not have any merit and, therefore, do not adequately state a claim that Defendants BONYM and Bayview violated § 646.608.

On this record the Court concludes Plaintiffs' Second Claim that Defendants BONYM and Bayview violated the provisions of OUTPA is not plausible on its face, and, accordingly, the Court grants the Motion to Dismiss of Defendants BONYM and Bayview as to Plaintiffs' Second Claim.

**D.    Plaintiffs' Third Claim for Violation of RICO.**

Plaintiffs bring their Third Claim against all Defendants for violation of RICO, 18 U.S.C. § 1962(c). Plaintiffs' Third Claim is based on the premise that the Note, Deed, Assignment of Deed, Appointment of Successor Trustee, and Notice of Default are void and/or forgeries.

Defendants, in turn, contend Plaintiffs cannot maintain

a RICO claim because the loan documents are valid and
enforceable, there is not a private right of action for mail
fraud, and Plaintiffs fail to allege the elements required to
state a RICO claim.

    **1.    RICO**

    To establish a *prima facie* claim under RICO, a
plaintiff must allege:  (1) a substantive predicate violation of
18 U.S.C. § 1962, (2) injury to his or her business or property,
and (3) a causal connection between the racketeering activity and
the injury.  *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620
(9th Cir. 2004).  "To state a claim under § 1962(c), a plaintiff
must allege '(1) conduct (2) of an enterprise (3) through a
pattern (4) of racketeering activity.'"  *Odom v. Microsoft*, 486
F.3d 541, 547 (9th Cir. 2007)(quoting *Sedima, S.P.R.L. v. Imrex
Corp.*, 473 U.S. 479, 496 (1985)).  "Racketeering activity"
includes specific predicate acts such as mail fraud or wire
fraud.  18 U.S.C. § 1961(1).  To establish a "pattern of
racketeering activity" a plaintiff must allege the existence of
at least two predicate acts.  18 U.S.C. § 1961(5).  When those
acts are predicated on fraud, the allegations must "detail with
particularity the time, place, and manner of each act of fraud,
plus the role of each defendant in each scheme."  *Lancaster
Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405
(9th Cir. 1991).  *See also Sanford v. MemberWorks, Inc.*, 625

21 - OPINION AND ORDER

F.3d 550, 558 (9th Cir. 2010).

    **2.  <u>Analysis</u>**

As noted, Plaintiffs contend Defendants violated RICO when they attempted to foreclose on Plaintiffs' property in reliance on documents that were void and that Defendants' foreclosure activities based on those documents constitute mail and wire fraud.

Courts have concluded mail-and-wire fraud statutes do not confer a private right of action. *See, e.g., Idowu v. Astheimer*, No. C 10-02672, 2011 WL 89965, at *2 (N.D. Cal. Jan. 11, 2011)("mail and wire fraud statutes do not confer a private right of action.")(citations omitted). *See also Wilcox v. First Interstate Bank*, 815 F.2d 522, 533, n.1 (9th Cir. 1987)("there is no private right or action for mail fraud under 18 U.S.C. § 1341")(Boochever, J., dissenting)).

Even if a private right of action exists, Plaintiffs' Third Claim is premised on the invalidity of the Deed, Note, and subsequent documents relating to the foreclosure of their property.  As noted, the Court has concluded any claim based on the alleged "invalidity" of the Deed and Note is without merit.

On this record the Court concludes Plaintiffs' Third Claim fails to state a claim that is plausible on its face, and, accordingly, the Court grants Defendants' Motions to Dismiss as to Plaintiffs' Third Claim.

**E.** __Plaintiffs' Fourth Claim for Violation of ORICO.__

Plaintiffs bring their Fourth Claim against all Defendants for violation of ORICO, Oregon Revised Statute § 166.715. Similar to their Third Claim, Plaintiffs bring this ORICO claim as to Defendants' foreclosure activities that were allegedly based on invalid and/or forged documents.

As noted, the Court has concluded any claim based on the alleged "invalidity" of the Deed and Note is without merit.

On this record the Court concludes Plaintiffs' Fourth claim fails to state a claim that is plausible on its face, and, accordingly, the Court grants Defendants' Motions to Dismiss as to Plaintiffs' Fourth Claim.

**F.** __Plaintiffs' Fifth Claim for Violation of the Consumer__
__Credit Protection Act.__

Plaintiffs bring their Fifth Claim for violation of the Consumer Credit Protection Act, 15 U.S.C. § 1601, against Defendants BANA and BONYM only. Plaintiffs contend BANA violated the requirements of 15 U.S.C. § 1641(g)(1) when it failed to notify Plaintiffs within 30 days that it assigned the Deed to BONYM on April 23, 2015. Second Am. Compl. at ¶ 166. Plaintiffs further contend BONYM violated § 1641(g)(1) when it failed to notify Plaintiffs "that ownership of the Loan had been transferred from [BONYM] to BANA as declared in Bayview's October 6, 2015 letter to Plaintiffs." Second Am. Compl. at ¶ 169.

23 - OPINION AND ORDER

BANA argues it was not the named creditor in the April 23, 2015, assignment, and, therefore, it did not have any obligation to notify Plaintiffs of such assignment.  Plaintiffs concede in their Response that the allegations in their Fifth Claim are insufficient as to BANA and seek leave to amend their Fifth Claim to assert BANA failed to notify Plaintiffs that BANA was the owner of the loan as indicated in Bayview's letter of October 6, 2015.

BONYM contends Plaintiffs' allegations in their Second Amended Complaint that acknowledge BONYM was owner of the loan from origination undermines Plaintiffs' argument that BONYM failed to give notice of a transfer to the "true" owner. Moreover, Bayview's letter of October 6, 2015, clearly identified BONYM as the owner of the loan.  Plaintiffs concede in their Response that the allegations in their Fifth Claim are insufficient as to BONYM and seek leave to amend their Fifth Claim to assert BONYM failed to notify Plaintiffs that the loan had been transferred to BONYM within 30 days of the transaction on April 23, 2015.

### 1.  Consumer Credit Protection Act

The Consumer Credit Protection Act requires, in addition to other disclosures, that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is

the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  15 U.S.C. § 1641(g)(1).

### 2.  **Analysis**

Based on Plaintiffs' concessions, the Court concludes Plaintiffs fail to state a claim against BANA and BONYM for violation of the Consumer Credit Protection Act that is plausible on its face.

The issue remains, however, whether Plaintiffs' proposed amendments to their Fifth Claim would be sufficient to state a claim for relief.  BANA contends Plaintiffs' proposed amendment as to BANA would be insufficient as the statute requires the *actual* new creditor rather than the entity that the borrower believes is the new creditor to provide the notice of transfer.  BONYM contends Plaintiffs should not be allowed a third opportunity to amend their Complaint because Plaintiffs alleged BONYM has owned the loan since its origination, which is inconsistent with Plaintiffs' proposed amendment.  *See* Second Am. Compl. at ¶¶ 51-57.

On this record the Court concludes Plaintiffs' proposed amendment of their Fifth Claim as to BANA would not cure the deficiencies in light of the fact that BANA was not the new creditor under either the April 2015 assignment nor according to Bayview's letter of October 2015.

The Court also concludes Plaintiffs' proposed amendment

of their Fifth Claim as to BONYM would not cure the deficiencies. Plaintiffs continue to allege the damages they suffered were the "payments made to a non-existent Lender" as a result of BONYM's failure to notify them it was the new creditor as a result of the April 2015 assignment.  The Court has determined AWL was a legitimate entity at the time that the Deed and Note were executed in 2005 and that Plaintiffs lack standing to challenge the subsequent assignments of the Deed.  Plaintiffs, therefore, have not stated any grounds to support an award of damages proximately caused by any alleged failure of BONYM to notify them of the transfer.

On this record the Court concludes Plaintiffs fail to state a claim against Defendants BANA and BONYM for violation of the Consumer Credit Protection Act, and, therefore, any further amendment would be futile.

**G.    Plaintiffs' Sixth Claim for Promissory Estoppel.**

Plaintiffs bring their Sixth Claim for promissory estoppel against Defendant BANA only.  Plaintiffs allege BANA made false and misleading representations "that help was available if [Plaintiffs'] Loan was in default, but not if it was current," and these statements were made "in an effort to get the Plaintiffs to default on their Loan, and keep them in default so [BANA] could accrue and collect additional fees associated with defaulted loans and their liquidation."  Relying on these

misrepresentations, Plaintiffs stopped making payments on their loan "so they could get help."

BANA contends Plaintiffs' allegations fail to allege clear, definite, unambiguous, and essential terms constituting a "promise."

### 1. **Promissory Estoppel**

In order to state a claim for promissory estoppel, a plaintiff must allege a promise was made. *Rick Franklin Corp. v. State ex. rel. Dep't of Transp.*, 207 Or. App. 183, 190 (2006). *See also Barnes v. Yahoo! Inc.*, 570 F.3d 1096, 1106 (9th Cir. 2009) (citation omitted). Oregon law does not require a "definite" promise to allow recovery under the theory of promissory estoppel. *See Neiss v. Ehlers*, 135 Or. App. 218, 228 (1995)("In our view, the better reasoning supports the conclusion that promissory estoppel can apply, under appropriate circumstances, to promises that are indefinite or incomplete, including agreements to agree."). The plaintiff must, however, allege a promise that reasonably would have been expected to "induce action or forbearance on the part of the promisee." *Cocchiara v. Lithia Motors, Inc.*, 353 Or. 282, 291 (2013).

### 2. **Analysis**

Here Plaintiffs allege in their Second Amended Complaint that BANA offered Plaintiffs a loan modification in August 2012, but BANA would not provide "detailed financial

accounting" of the modification or the terms and conditions. Plaintiffs, therefore, refused the offer because they were unable to determine whether the proposed modification would violate the terms of their bankruptcy.  Plaintiffs do not allege they "agreed" to any loan modification, but only that BANA "falsely misrepresented" that "help was available if" their loan was in default.  Even viewing Plaintiffs' allegations as true, the Court notes BANA's alleged statement does not constitute a "promise" that could "reasonably have been acted on or foreseen as an inducement to action." *See Neiss*, 135 Or. App. at 229.

On this record the Court concludes Plaintiffs fail to state a claim for promissory estoppel that is plausible on its face, and, accordingly, the Court grants BANA's Motion to Dismiss Plaintiffs' Fifth Claim against it.

**III. Leave to Amend Complaint.**

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  This policy is to be applied with "extreme liberality." *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice

28 - OPINION AND ORDER

requires the court to grant leave to amend.  Those factors include

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is whether the amendment will prejudice the opposing party. *Id.*  "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*  "Delay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the amendment sought is futile, in bad faith or will cause undue prejudice to the opposing party." *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir.1997)(citing *United States v. Webb,* 655 F.2d 977*,* 980 (9th Cir. 1981)). *See also Quantum Tech. Partners II, L.P. v. Altman Browning and Co.*, No. 08-CV-376-BR, 2009 WL 1795574, at *19 (D. Or. June 23, 2009)(same). The party who opposes amendment bears the burden to show prejudice. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Further amendment to a complaint is futile if "'no set of facts can be proved under the amendment . . . that would

constitute a valid and sufficient claim.'" *Sweaney v. Ada Cnty.,
Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)(quoting *Miller v.
Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). *See
also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th
Cir. 2008)(proposed amendment to a complaint is futile when the
"complaint could not be saved by any amendment."). A plaintiff
should be afforded an opportunity to test his claim on the merits
unless it appears beyond doubt that the proposed amended
complaint would be dismissed for failure to state a claim under
Federal Rule Civil Procedure 12(b)(6). *See Miller*, 845 F.2d at
214. *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465
F.3d 946, 957 (9th Cir. 2006).

Here the Court concludes it would be futile to grant
Plaintiffs leave to amend their Complaint after already having
had three opportunities to state a cognizable claim. As noted,
the premise at the heart of each of Plaintiffs' claims is that
AWL, the original lender named on the Deed and Note executed by
Plaintiffs over ten years ago, is not a legal entity and was not
authorized to do business in the State of Oregon at the time of
Plaintiffs' loan. Based on that premise, Plaintiffs allege the
Deed and Note signed by them are void; all subsequent activity
related to the transfer, assignment, and handling of their loan
is invalid; Plaintiffs are entitled to ownership of the property
free and clear; and all payments made by Plaintiffs should be

30 - OPINION AND ORDER

refunded to them.

As noted, the Court has taken judicial notice of facts that refute the premise of each of Plaintiffs' claims and that establish AWL was a legal entity and the Deed and Note are valid. Moreover, there is not any showing in the record that there is any possibility that Plaintiffs could discover additional facts that would remedy the deficiencies in Plaintiffs' Second Amended Complaint.

Accordingly, on this record the Court dismisses Plaintiff's Second Amended Complaint with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant BANA's First Request for Judicial Notice (#76) and **DENIES** its Second Request for Judicial Notice (#96).  The Court also **GRANTS** Defendants' Motions to Dismiss (#75, #79) and **DISMISSES** Plaintiffs' Second Amended Complaint **with prejudice**.

IT IS SO ORDERED.

DATED this 13th day of December, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge