IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY C. GOSHA and KIT M.
GOSHA,

          Plaintiffs,

v.

THE BANK OF NEW YORK MELLON
CORPORATION fka THE BANK OF
NEW YORK, AS TRUSTEE (CWALT
2005-72), Delaware
Corporation; BANK OF AMERICA
N.A., a Delaware Corporation;
BAYVIEW LOAN SERVICING LLC, a
Florida Corporation; and CLEAR
RECON CORP, a California
Corporation,

          Defendants.

3:16-cv-00073-BR

OPINION AND ORDER

BROWN, Senior Judge.

This matter comes before the Court on Plaintiffs' Motion
(#164) for Order to Withdraw and Disburse Funds and the Motion
(#165) to Disburse Funds filed by Defendant Bank of New York
Mellon Corporation (BONY).

For the reasons that follow, the Court **GRANTS** Plaintiffs'
Motion and **DENIES** Defendant's Motion.

1 - OPINION AND ORDER

## BACKGROUND

On January 15, 2016, Plaintiffs appearing *pro se* brought this action to prevent foreclosure of the mortgage on their property. The mortgage was held by BONY and serviced at various times by Defendants Bayview Loan Servicing LLC and Clear Recon Corp. Plaintiffs alleged several claims against all Defendants for violation of various consumer-protection laws. Plaintiffs also sought a temporary restraining order (TRO) to prevent the foreclosure sale.

On January 25, 2016, the day before the foreclosure sale on Plaintiffs' home was scheduled to occur, the Court granted Plaintiffs' Motion for a TRO and enjoined the foreclosure during the pendency of this action. Order (#18). The Court also directed Plaintiffs to deposit funds monthly with the Clerk of Court as bond for the TRO.

Plaintiffs made various payments to the Clerk of Court during this litigation pursuant to the Court's Order. *See* Docket #23, #47, #54, #90, #91, #109, #110, #129, and #132. The funds held by the Clerk of Court total $5,300.

On December 13, 2016, the Court granted Defendants' Motions (#75, #79) to Dismiss Plaintiffs' Complaint (Order #133) and entered Judgment (#134) of Dismissal with prejudice against Plaintiffs.

On March 20, 2017, Plaintiffs filed with the Ninth Circuit a

Notice of Appeal (#147) of this Court's judgment.

On May 25, 2017, BONY cancelled its nonjudicial foreclosure of Plaintiffs' mortgage.

On June 22, 2018, the Ninth Circuit issued a Mandate (#157) affirming this Court's dismissal of Plaintiffs' case.


## STANDARDS

Federal Rule of Civil Procedure 65(c) provides: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

There is a "rebuttable presumption" that a wrongfully enjoined party is entitled to have the bond executed and to recover provable damages up to the amount of the bond. *Martin v. Litton Loan Servicing, LP,* 689 F. App'x 533, 533 (9th Cir. 2017) (citing *Nintendo of Am. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994)).


## DISCUSSION

Plaintiffs contend they are entitled to the funds they deposited with the Court on the ground that even though BONY is a prevailing party, BONY waived its right to collect the funds when it voluntarily cancelled the nonjudicial foreclosure of

Plaintiffs' mortgage and failed to show that it sustained any damages as a result of the TRO.

BONY, in turn, contends it was wrongfully restrained from proceeding with the foreclosure and, as the prevailing party in this action, is entitled to the funds deposited with the Clerk of Court.

The Court notes the fact that BONY rescinded the prior foreclosure proceeding or that Defendants prevailed in this action is not determinative of any party's right to recover the bond proceeds. Under Federal Rule of Civil Procedures 65(c) the bond is intended to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Although BONY prevailed on the merits of Plaintiffs' claims and was wrongfully enjoined from proceeding with the foreclosure sale, BONY is, nevertheless, only entitled to recover damages pursuant to the bond for "provable" damages resulting from the wrongful restraint. *See Fidelity Nat'l Fin. Inc. v. Friedman*, 472 F. App'x 577, 579 (9th Cir. 2012).

Here BONY has failed to present evidence of any damages as a result of the issuance of the TRO. In fact, BONY has a secured interest in Plaintiffs' property and states it will now pursue nonjudicial foreclosure under the deed of trust at issue in this litigation. To the extent that BONY succeeds in such a foreclosure action, it will recover damages resulting from

Plaintiffs' failure to pay their mortgage. Thus, on this record BONY has not presented evidence of any damages to support their Motion. Accordingly, the Court concludes the funds on deposit with the Clerk of Court should be returned to Plaintiffs.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendants' Motion (#165) to Disburse Funds and **GRANTS** Plaintiffs' Motion (#164) for Order to Withdraw and Disburse Funds.

The Court will enter a separate Order of Disbursement that complies with Local Rule 67-3 for disbursement of funds to Plaintiffs by the Clerk of Court.

IT IS SO ORDERED.

DATED this 7th day of November, 2018.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge